UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ADAM RAMIREZ | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | C.A. No. C-07-48 |
| | § | |
| ROMANO DELCORE, ET AL., | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY MOTION FOR LEAVE TO PROCEED AS NEXT FRIEND AND TO STRIKE MOTION FOR LEAVE TO TO PROCEED *IN FORMA PAUPERIS***

In this § 1983 lawsuit, plaintiff's father, movant Rodolfo McGraw, moves to proceed as next friend for his son, Joe Adam Ramirez, pursuant to FED. R. CIV. P. 17(c) (D.E. 3). Movant also moves, on behalf of his son, for leave to proceed *in forma pauperis* (D.E. 6).

### I. Applicable Law

Movant alleges that plaintiff, a Texas state prisoner, is mentally incompetent to proceed, he has a limited grasp of the English language, and also that he is locked in Administrative Segregation twenty-three hours per day which "severely deprives him of reasonable access to courts and substantially hinders his attempts to seek relief" (D.E. 3 at p. 3).

Rule 17(c) permits a suit by a next friend or guardian ad litem for an infant or incompetent person. FED. R. CIV. P. 17(c). In order to proceed as next friend, a showing must be made that the real party in interest "is unable to litigate his own cause due to mental incapacity, lack of access to court, or similar disability." *Whitmore v. Arkansas*, 495 U.S. 164, 110 S.Ct. 1717, 1727 (1990). The burden to establish standing to appear as next friend falls on the movant. *Id.* at 164, 110 S.Ct. at 1727.

While movant has alleged that plaintiff is mentally incompetent and does not have a sufficient grasp of the English language to proceed in this case, movant has proffered no supporting documentation. All information available to the court is to the contrary. Judicial notice is taken that plaintiff Joe Adam Ramirez has previously filed, in the Southern District of Texas, at least four habeas petitions and a civil rights lawsuit challenging his placement in Administrative Segregation.[1] All suits were pursued *pro se*. In each of his habeas petitions, plaintiff Ramirez detailed additional state habeas petitions and motions filed with the Texas Court of Criminal Appeals. In each of the lawsuits plaintiff filed in the Southern District of Texas, plaintiff showed no difficulty setting forth his claims or citing case law, and he never once suggested to the court that he had difficulties with the English language

---

[1] *Ramirez v. Scott*, No. 2:95cv313 (§ 2254 petition dismissed on the merits); *Ramirez v. Dretke*, C.A. No. 2:05cv396 (dismissed as a successive § 2254 petition); *Ramirez v. Johnson*, C.A. No. 2:97cv673 (same); *Ramirez v. Dretke*, C.A. No. 4:04cv4286 (same); *Ramirez v. McQueen, et al.,* C.A. No. 4:04cv1986 (§ 1983 lawsuit dismissed as frivolous, appeal dismissed by 5th Circuit).

or was unable to represent himself because of mental problems or incompetence.[2] Movant has not satisfied his burden of showing that plaintiff is currently incompetent to the extent he requires a next friend to pursue his litigation.

Movant also claims that plaintiff cannot represent himself because plaintiff is in Administrative Segregation. Undersigned has experience handling hundreds of cases involving prisoners incarcerated in Texas prisons who are housed in Administrative Segregation and yet are able to successfully file and pursue § 1983 cases and § 2254 petitions. According to TDCJ's rules regarding Administrative Segregation, offenders are allowed to request and receive up to three items of legal research materials per day, delivered on three alternating days per week from the unit law library, and are also allowed to request legal visits for the purpose of conferring with another offender on legal matters.[3] Movant has not demonstrated that plaintiff's current placement in Administrative Segregation in a Texas prison denies him access to court to the extent that he is unable to pursue § 1983 claims on his own.[4]

---

[2] Ramirez did allege in his petitions in *Ramirez v. Dretke*, C.A. No. 4:04cv4286, *Ramirez v. Dretke*, C.A. No. 2:05cv396, and *Ramirez v. Johnson*, C.A. No. 2:97cv673, that at the time of his 1992 guilty pleas he was incompetent to proceed because he suffered from auditory hallucinations. But Ramirez has never suggested that he was incompetent to represent himself in any of his U.S. District Court cases filed between 1995 and 2005. *See Ross ex rel. Ross v. Rell*, 392 F.Supp2d 224, 227-28 (D. Conn. 2005) (even a history of mental health issues would not support a conclusion that plaintiff is currently incompetent to litigate his own case).

[3] TDCJ Board Policy, BP 3.81, available on the TDCJ Website (http://www.tdcj.state.tx.us/policy/policy-home.htm).

[4] Movant also cites 28 U.S.C. § 2242 as authority for the proposition that he should be permitted to proceed as next friend. But § 2242 is limited by its terms to habeas corpus petitions,

## II. Recommendation

Based upon the foregoing, it is respectfully recommended that movant's motion to appear as next friend (D.E. 3) be DENIED.  If the motion to appear as next friend is denied, it is further recommended that petitioner's application for leave to proceed *in forma pauperis* (D.E. 6) be struck because the application is not signed by plaintiff.  Finally, it is recommended that plaintiff be given thirty days to file a signed amended complaint along with a signed application for leave to proceed *in forma pauperis*.

Respectfully submitted this 13th day of February, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

and has no application to § 1983 lawsuits.

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).