IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE ADAM RAMIREZ | § | |
| | § | |
| VS. | § | C.A. NO. C-07-048 |
| | § | |
| ROMANA DELCORE, ET AL. | § | |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for appointment of counsel. (D.E. 31).

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Unique to this case is that, at the onset, plaintiff's father filed a Rule 17(c) motion seeking leave to proceed as next friend, arguing that plaintiff was incapable of representing himself due to mental defect. (D.E. 3). Plaintiff's TDCJ medical records were obtained and an

evidentiary hearing was conducted, at which plaintiff was questioned about his health, access to the law library, and other matters.  Following the hearing, it was recommended that the Rule 17(c) motion be denied  because plaintiff is capable of representing his own interests in this proceeding.  (D.E. 14, 26).  On April 30, 2007, the Court adopted the recommendation.  (D.E. 34).

Moreover, upon careful consideration of the factors set forth in <u>Jackson</u>, the Court finds that appointment of counsel is not warranted at this time.  Plaintiff claims that defendants violated his constitutional rights when they failed to produce copies of his medical records when requested. (D.E. 1, 30).  He claims their refusal to do so amounts to a denial of his access to the courts, a violation of his due process rights, and a violation of his right to be free from cruel and unusual punishment.  <u>Id.</u>  He also claims that the employees of the Nueces County Sheriff's office were not properly trained to handle requests for documents.

Regarding the first factor, plaintiff's claims do not present any complexities that are unusual in prisoner actions.  The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  These factor were explored at the evidentiary hearing, and it was determined that plaintiff is able to adequately communicate and file pleadings with the Court.  The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence.  Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature.  Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

2

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel, (D.E. 31), is DENIED without prejudice subject to renewal should counsel be warranted at a later date.

ORDERED this 18th day of May, 2007.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE